1

2                   UNITED STATES DISTRICT COURT
                      DISTRICT OF KANSAS
3
UNITED STATES OF AMERICA,        Docket No. 16-20008-CM
4
     Plaintiff,                  Kansas City, Kansas
5                                Date: 4/18/17
     v.
6
JOSE TORRES-AYALA,
7
     Defendant.
8    ....................

9                         TRANSCRIPT OF
                      CHANGE OF PLEA HEARING
10          BEFORE THE HONORABLE CARLOS MURGUIA,
                UNITED STATES DISTRICT JUDGE.
11
     APPEARANCES:
12
     For the Plaintiff:    Trent Krug
13                         Asst US Attorney
                           360 US Courthouse
14                         500 State Avenue
                           Kansas City, KS  66101
15
     For the Defendant:    Kevin Babbit
16                         Fagan Emert & Davis, LLC
                           730 New Hampshire
17                         Suite 210
                           Lawrence, KS  66044
18
     Court Reporter:       Nancy Moroney Wiss, CSR, RMR, FCRR
19                         Official Court Reporter
                           558 US Courthouse
20                         500 State Avenue
                           Kansas City, KS  66101
21
     Proceedings recorded by machine shorthand, transcript
22   produced by computer-aided transcription.

23

24

25

1          THE COURT:  Let the record show we're here

2   regarding Case Number 16-20008-05.  It's a case entitled

3   United States of America versus Jose Torres-Ayala.  The

4   parties please enter their appearance.

5          MR. KRUG:  May it please the court, the

6   United States appears by Trent Krug.

7          MR. BABBIT:  May it please the court,

8   Mr. Ayala appears in person, through counsel Kevin

9   Babbit.

10          THE COURT:  Mr. Babbit, if you and Mr. Ayala

11   would please approach the podium.  I note for the record

12   an interpreter is present.  The court is going to swear

13   in the interpreter at this time.  If the interpreter

14   will please raise her right hand.

15          (Interpreter sworn.)

16          THE INTERPRETER:  I do.

17          THE COURT:  Thank you.  Mr. Torres-Ayala, I

18   have been told that you're here today to change your

19   plea from not guilty to guilty to Count 1 of the

20   indictment which is charging you with conspiracy to

21   distribute and possess with intent to distribute more

22   than 50 grams of methamphetamine, which is in violation

23   of the law.  Is that what you want to do here this

24   morning?

25          THE INTERPRETER:  Yes.

1          THE COURT:  I need to let you know that I

2   need to ask you a number of questions, and just like you

3   did, I need for you to answer out loud with whatever

4   response you may have.  If it's yes, no, or whatever it

5   is you want to say, I need for you to speak up loud and

6   clear.  At any point, if before you answer, you first

7   want to speak to your attorney, Mr. Babbit, you can do

8   so.  You just need to let me know.  Also at any time, if

9   I ask you a question, but you don't understand what I'm

10  asking you, then you should let me know so I can try to

11  ask you in a more clearer way.  And the reason why I'm

12  going to ask you all these questions is that I need to

13  be certain that you understand what you're doing here

14  this morning, that you understand what this charge is in

15  Count 1 that you're pleading guilty to, the consequences

16  that could take place, and also, I need to be certain

17  that you're doing this of your own free will, that no

18  one is forcing you to do something that you don't want

19  to do.  Do you understand that?

20          THE INTERPRETER:  Yes.

21          THE COURT:  To begin, what I'll do is swear

22  you in to tell the truth.  So, if you'll please raise

23  your right hand.

24          (Defendant sworn through interpreter.)

25          THE INTERPRETER:  Yes.

1                THE COURT:  Thank you.  You can put your

2    hand down.  I need to let you know that you're now under

3    oath to tell the truth, and if you answer any of the

4    court's questions falsely, your answers may later be

5    used against you in another prosecution for perjury or

6    making a false statement.  Do you understand that?

7                THE INTERPRETER:  Yes.

8                THE COURT:  Will you please state your full

9    name?

10                THE INTERPRETER:  Jose Maria Jose

11    Torres-Ayala.

12                THE COURT:  Your age?

13                THE INTERPRETER:  37 years old.

14                THE COURT:  Last year of school you

15    completed?

16                THE INTERPRETER:  Sixth grade.

17                THE COURT:  In regards to the indictment

18    that was filed against you, prior to our hearing, did

19    you have a chance to go over Count 1 in the indictment

20    with Mr. Babbit?

21                THE DEFENDANT:  Yes.

22                THE INTERPRETER:  Yes.

23                THE COURT:  Did he inform you of what that

24    charge was about?

25                THE INTERPRETER:  Yes.

1          THE COURT:  Did he also inform you of the

2    possible consequences that could take place by you

3    pleading guilty to that charge?

4          THE INTERPRETER:  Yes.

5          THE COURT:  At this time, are you requesting

6    that I read to you the entire charge as it's set out in

7    Count 1?

8          THE INTERPRETER:  Yes.  No.

9          (Defendant conferring with his attorney

10    through interpreter.)

11          THE COURT:  I'm going to ask you -- I'm

12    going to ask you that question again, because I noted

13    that at one time, you said yes, but then you said no,

14    and then I saw that you talked to Mr. Babbit with the

15    interpreter, so, I'll ask you again.  If you want, I

16    will read to you the entire charge as it's set out in

17    Count 1 of the indictment.  Do you want me to read it to

18    you?

19          THE INTERPRETER:  No.

20          THE COURT:  Mr. Babbit, is it your statement

21    to the court that you've gone over Count 1 with your

22    client, that you've informed him of the nature of the

23    charge, as well as the consequences that could take

24    place by a guilty plea being entered to the charge?

25          MR. BABBIT:  It is.

1          THE COURT:  At this time, Mr. Torres-Ayala,
2   how do you plead to Count 1, guilty or not guilty?
3          THE DEFENDANT:  Yes.
4          THE COURT:  So, that's okay.  Let me ask you
5   again.  That's fine.  What I'm asking you is, how do you
6   plead to Count 1, do you plead guilty or do you plead
7   not guilty?  Do you understand my question?
8          THE INTERPRETER:  No.
9          THE COURT:  Okay.  I'll let you talk to your
10  attorney.
11          (Defendant conferring with attorney off the
12           record through interpreter.)
13          THE COURT:  Took the recess just because I
14  want to make sure you understand what I'm asking you.
15  So, I saw that you were talking to your attorney again,
16  and my question, Mr. Torres-Ayala, is at this time, how
17  do you plead to Count 1?  Do you plead guilty or not
18  guilty?
19          THE INTERPRETER:  Yes.
20          THE COURT:  Okay.  So, are you pleading --
21  are you pleading not guilty?
22          THE INTERPRETER:  Yes, guilty.
23          THE COURT:  Okay.  So -- okay, so I
24  understand, maybe I'm not asking this in the way that
25  you understand what I'm asking you.  So, my

1   understanding is that you want to plead guilty to

2   Count 1.  Is that correct?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And do you understand that if

5   you wanted to, you can plead not guilty?  Do you

6   understand that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  So -- so, for my question, I'm

9   asking you, do you want to plead guilty to Count 1?

10         THE INTERPRETER:  Yes.

11         THE COURT:  I need to let you know that at

12   this point in the hearing, I am going to inform you that

13   under the law, you do have the right to plead not

14   guilty, and if you chose to plead not guilty, then you'd

15   have the following Constitutional rights apply to your

16   case.  So, if you pled not guilty, do you understand

17   that you'd have the right to a speedy and public trial

18   by a jury?  Do you understand that?

19         THE INTERPRETER:  Yes.

20         THE COURT:  And do you understand that at

21   that trial and at all stages of the proceedings, you

22   would have the right to the assistance of a lawyer?  Do

23   you understand that?

24         THE INTERPRETER:  Yes.

25         THE COURT:  And do you understand that if

1   there was a trial, you'd have the right to see and hear

2   all witnesses that might be called to testify against

3   you, and that you'd have the right to cross-examine,

4   which means to question those witnesses?  Do you

5   understand that?

6              THE DEFENDANT:  Yes.

7              THE INTERPRETER:  Yes.

8              THE COURT:  And do you understand that if

9   there was a trial, you'd have the right to use the power

10  of the court to bring forward any evidence in your

11  favor, including calling any witnesses that might

12  testify on your behalf?  Do you understand that?

13             THE INTERPRETER:  Yes.

14             THE COURT:  And do you understand that if

15  there was a trial, you'd have the right not to be

16  compelled to incriminate yourself by taking the witness

17  stand, and if you chose not to testify, then that fact

18  could not be used against you?  Do you understand that?

19             THE INTERPRETER:  Yes.

20             THE COURT:  Do you understand that at a

21  trial, your innocence would be presumed until such time

22  if ever the government established your guilt beyond a

23  reasonable doubt to the satisfaction of a judge or jury?

24  Do you understand that?

25             THE INTERPRETER:  Yes.

1        THE COURT:  And do you understand that if

2   there was a trial, you'd have the right to appeal any

3   errors or mistakes that took place during your trial?

4   Do you understand that?

5        THE INTERPRETER:  Yes.

6        THE COURT:  Now, do you understand these

7   rights that are guaranteed to you under the law if you

8   wished to plead not guilty?

9        THE INTERPRETER:  Yes.

10        THE COURT:  And do you understand that by

11   entering a plea of guilty, you'd be waiving or giving up

12   all of these Constitutional rights that I've just

13   explained to you?

14        THE INTERPRETER:  Yes.

15        THE COURT:  Do you further realize that by

16   entering a plea of guilty, you would be admitting all of

17   the facts alleged in the charge?

18        THE DEFENDANT:  Yes.

19        THE INTERPRETER:  Yes.

20        THE COURT:  Do you also realize you would be

21   waiving your right to a trial on this charge?

22        THE INTERPRETER:  Yes.

23        THE COURT:  In fact, do you understand that

24   there would be no trial of any kind either before a

25   court or a jury?

1            THE INTERPRETER:  Yes.

2            THE COURT:  After going over these

3  Constitutional rights you would have if you chose to

4  plead not guilty, at this time do you still want to

5  plead guilty to Count 1?

6            THE INTERPRETER:  Yes.

7            THE COURT:  I need to let you know there are

8  certain maximum penalties and punishments you could

9  receive under the law by pleading guilty here, and I'm

10  going to go over those with you in a short time here.

11  Before I do and tell you what I tell you what the law

12  says you could be sentenced to, I am going to tell you

13  that I'm aware that at a certain point in our hearing,

14  you and the government are going to tell the court that

15  there's an 11 C 1 C plea agreement in your case.  Is

16  that correct?

17            THE INTERPRETER:  Yes.

18            THE COURT:  And in your 11 C 1 C plea

19  agreement, you and the government are going to recommend

20  a sentence of 108 months in prison on Count 1, not less

21  than five years of supervised release, no fine, a

22  mandatory special assessment of $100, and a forfeiture

23  judgment being entered against you.  Is that your

24  understanding of your recommendation from your plea

25  agreement?

1          THE INTERPRETER:  Yes.

2          THE COURT:  Now, I need to let you know

3     that -- and this is not just in your case, but this is

4     in every case that has an 11 C 1 C plea agreement, so,

5     it's just not you, but in every case, today, I'm not

6     able to tell you whether or not the court will go along

7     with the recommendation.  And the reason why is that in

8     every case, the court waits until after a presentence

9     investigation report has been completed, and that hasn't

10    taken place in your case, but after it's completed, the

11    court reviews the report, and then we would come back

12    for your sentencing hearing.  At your sentencing

13    hearing, the court would tell you whether or not it was

14    going to go along with the recommendation, and if I did,

15    then your sentence would be the 108 months in prison.

16    Do you understand that?

17         THE INTERPRETER:  Yes.

18         THE COURT:  And do you understand that if

19    the court goes along with the recommendation, the

20    government could not ask for a higher sentence than

21    108 months, and you would not be able to ask for a lower

22    sentence than 108 months?  Do you understand that?

23         THE INTERPRETER:  Yes.

24         THE COURT:  If I told you I was going to go

25    along with your recommendation, that would be your

1    sentence.  But if I told you for some reason, the court

2    was not going to go along with that, do you understand

3    that you would have the option of telling me to go ahead

4    and sentence you, or you would have the option of

5    telling me that you wanted to withdraw your plea of

6    guilty.  Do you understand that?

7                    THE INTERPRETER:  Yes.

8                    THE COURT:  So, for purposes of our hearing

9    at the moment, though, the court is going to tell you

10   that under the law, there are certain maximum penalties

11   and punishments you could receive.  I'm going to go over

12   those with you at this time.  Do you understand that you

13   could receive a term of imprisonment under the law of

14   not less than ten years to not more than life

15   imprisonment?  Do you understand that?

16                   THE INTERPRETER:  Yes.

17                   THE COURT:  And following any term of

18   imprisonment, you could receive a term of supervised

19   release of not less than five years?

20                   THE INTERPRETER:  Yes.

21                   THE COURT:  And you could receive a fine of

22   not more than $10 million?

23                   THE INTERPRETER:  Yes.

24                   THE COURT:  Now, do you understand that if

25   you have a prior conviction for a felony drug offense,

1  you could receive a term of imprisonment of not less

2  than 20 years to not more than life imprisonment?

3            THE INTERPRETER:  Yes.

4            THE COURT:  And following any term of

5  imprisonment, you could receive a term of supervised

6  release of not less than ten years?

7            THE INTERPRETER:  Yes.

8            THE COURT:  And you could receive a fine of

9  not more than $20 million?

10            THE INTERPRETER:  Yes.

11            THE COURT:  Now, do you understand that if

12  you have two or more prior convictions for felony drug

13  offenses, you could receive a term of imprisonment of

14  not less than life imprisonment?

15            THE INTERPRETER:  Yes.

16            THE COURT:  And you could receive a fine of

17  not more than $20 million?

18            THE INTERPRETER:  Yes.

19            THE COURT:  And do you understand that if

20  you violated the conditions of your supervised release

21  and it was revoked or taken away from you, that you

22  could be imprisoned for an additional term of

23  imprisonment?  Do you understand that?

24            THE INTERPRETER:  Yes.

25            THE COURT:  Do you also understand that you

1  would be responsible for paying a mandatory special

2  assessment fee of $100?

3          THE INTERPRETER:  Yes.

4          THE COURT:  And do you understand as part of

5  your sentence, the court could enter a forfeiture

6  judgment against you regarding any property or money

7  that was taken from you at the time of your arrest?

8          THE INTERPRETER:  Yes.

9          THE COURT:  Do you also understand that

10  depending on the outcome of the investigation as to the

11  quantity or amount of drugs involved, you might be

12  subject to a mandatory minimum sentence?

13          THE INTERPRETER:  Yes.

14          THE COURT:  And do you understand because

15  the case involves drug trafficking or drug possession,

16  the court with certain exceptions may deny or suspend

17  your eligibility to receive federal benefits under the

18  law?

19          THE INTERPRETER:  Yes.

20          THE COURT:  And do you understand that if

21  this is a second or subsequent conviction for possession

22  of a controlled substance, the court may order you to

23  complete drug treatment or community service as

24  specified in the sentence as a condition for

25  reinstatement of benefits?

1           THE INTERPRETER:  Yes.

2           THE COURT:  And do you understand that the

3   offense that you're pleading guilty to is a felony

4   offense?

5           THE INTERPRETER:  Yes.

6           THE COURT:  And do you understand that if

7   your plea is accepted, you will be found guilty of that

8   felony offense?

9           THE INTERPRETER:  Yes.

10          THE COURT:  Are you a United States citizen?

11          THE INTERPRETER:  No.

12          THE COURT:  Do you understand that your plea

13  of guilty may result in an order of deportation from the

14  United States?

15          THE INTERPRETER:  Yes.

16          THE COURT:  Do you understand that your plea

17  of guilty may result in an order excluding you from

18  admission to the United States?  Do you understand that?

19          THE INTERPRETER:  No.

20          THE COURT:  Do you need to talk to your

21  attorney?

22          THE DEFENDANT:  Please.

23          THE COURT:  Okay.

24          (Defendant conferring with attorney off the

25          record through interpreter.)

1      THE COURT:  I'm going to ask you those two

2  questions again.  I was asking you if whether or not you

3  understood that your plea of guilty may result in an

4  order of deportation from the United States?  Do you

5  understand that?

6           THE INTERPRETER:  Yes.

7           THE COURT:  Do you also understand that your

8  plea of guilty may result in an order excluding you from

9  admission to the United States?

10          THE INTERPRETER:  Yes.

11          THE COURT:  Do you also understand that your

12  plea of guilty may result in an order denying you

13  naturalization as an American citizen?

14          THE INTERPRETER:  Yes.

15          THE COURT:  At the time of this offense, the

16  one you're pleading guilty to in Count 1, were you on

17  probation or parole in this or any other court?

18          THE INTERPRETER:  Yes.

19          THE COURT:  Is that correct, Mr. Babbit?

20          MR. BABBIT:  I don't think so.

21          THE COURT:  Okay.  I'll let you --

22          THE DEFENDANT:  No.

23          (Defendant confering with attorney off the

24          record through interpreter.)

25          THE COURT:  Sometimes maybe it's not clear

1    what I'm asking you, so, I'm going to ask you that last

2    question again.

3              THE DEFENDANT:  Okay.

4              THE COURT:  At the time of your offense that

5    you're pleading guilty to in Count 1, were you on

6    probation or parole in this court or any other court?

7              THE INTERPRETER:  No.

8              THE COURT:  Now, do you understand the

9    possible penalties and punishments you could receive by

10   pleading guilty?

11             THE INTERPRETER:  Yes.

12             THE COURT:  And after going over them with

13   you, at this time do you still want to plead guilty to

14   Count 1?

15             THE INTERPRETER:  Yes.

16             THE COURT:  At this time I'm going to give

17   you a brief explanation of the sentencing guidelines.

18   United States Sentencing Commission has issued

19   guidelines for judges to consider in determining the

20   appropriate sentence in a criminal case.  Have you and

21   Mr. Babbit discussed how the sentencing commission

22   guidelines might apply to your case?

23             THE INTERPRETER:  Yes.

24             THE COURT:  Do you understand the court will

25   not be able to determine the guideline sentence

1    applicable to your case until after a presentence

2    investigation report has been completed and you and the

3    government have had an opportunity to challenge the

4    facts reported by the probation officer?  Do you

5    understand that?

6                    THE INTERPRETER:  Yes.

7                    THE COURT:  And do you understand that in

8    determining your sentence, the court has an obligation

9    to calculate the applicable sentencing guideline range,

10   and to consider that range, as well as consider possible

11   departures under the sentencing guidelines and other

12   sentencing factors under 18 USC Section 3553 A?

13                   THE INTERPRETER:  Yes.

14                   THE COURT:  And do you understand that

15   there's no limitation on the information the court could

16   consider at the time of sentencing concerning your

17   background, character, and conduct, provided that the

18   information was reliable?

19                   THE INTERPRETER:  Yes.

20                   THE COURT:  Do you also understand this

21   includes relevant information relating to any counts

22   against you to which you've not pled guilty or been

23   convicted, as well as all other uncharged related

24   criminal activity?

25                   THE INTERPRETER:  Yes.

1          THE COURT:  Do you also understand that

2   under some circumstances, you or the government may have

3   the right to appeal any sentence the court may impose,

4   subject to any waiver of appeal you may agree to in a

5   plea agreement?

6          THE INTERPRETER:  Yes.

7          THE COURT:  After going over this brief

8   explanation of the sentencing guidelines, at this time

9   do you still want to plead guilty to Count 1?

10         THE INTERPRETER:  Yes.

11         THE COURT:  Is your plea of guilty the

12  result of a plea agreement between yourself, your

13  attorney, and the government?

14         THE INTERPRETER:  Yes.

15         THE COURT:  Is that correct, Mr. Babbit?

16         MR. BABBIT:  It is.

17         THE COURT:  What I'll do is ask the

18  government's attorney to say out loud what the

19  government's -- what the plea agreement is, and I need

20  for you to listen to what he says, because when he's

21  finished, I'm going to ask you some follow-up questions.

22  Mr. Krug.

23         MR. KRUG:  Thank you, Judge.  Your Honor, if

24  I could provide a summary of this 11 C 1 C to the court.

25  In Paragraph Number 1, which is titled the defendant's

1　guilty plea, the defendant agrees to plead guilty to

2　Count 1 of the indictment.  He further agrees to plead

3　guilty to and not to contest the indictment's Forfeiture

4　Allegation Number 1.  On Page 4, Judge, Paragraph

5　Number 3 provides the proposed Rule 11 C 1 C sentence.

6　The parties are proposing as an appropriate disposition

7　of this case the following:  108 months in prison on

8　Count 1, not less than five years of supervised release,

9　no fine, and the mandatory special assessment of a

10　hundred dollars, and the indictment's Forfeiture

11　Allegation Number 1.  Paragraph Number 4 is titled

12　application of the sentencing guidelines.  The parties

13　are of the belief that the proposed sentence does not

14　offend the advisory sentencing guidelines.  Because this

15　proposed sentence is sought pursuant to 11 C 1 C, the

16　parties are not requesting imposition of an advisory

17　guideline sentence.  Paragraph Number 5 contains the

18　government's agreements, and in Paragraph Number 6, the

19　defendant understands that there may be consequences for

20　violating the plea agreement in this case.  Paragraph

21　Number 7, the defendant understands whether to accept

22　the proposed plea agreement and sentence is up to the

23　court.  He also understands in Paragraph Number 8 that a

24　withdrawal of the plea is permitted only if the court

25　does not accept the plea agreement and proposed

1    sentence.  Paragraph Number 9, which is titled

2    forfeiture of assets; the defendant knowingly and

3    voluntarily agrees and consents to the imposition of a

4    forfeiture judgment against him which is set forth in

5    the indictment's Forfeiture Allegation Number 1 in the

6    amount of $4 million, and that sum represents proceeds

7    obtained from Count 1.  The bottom of Page 9, Paragraph

8    Number 12, which is titled waiver of appeal and

9    collateral attack.  The defendant knowingly and

10   voluntarily waives any right to appeal or collaterally

11   attack any matter in connection with this prosecution,

12   his conviction, or the components of the sentence to be

13   imposed, which include the length and conditions of

14   supervised release as well as any sentence imposed upon

15   a revocation of supervised release.  Furthermore,

16   defendant has read, understands, and agrees to the

17   remaining provisions that are contained within Paragraph

18   Number 12.  On Page 11, Paragraph Number 15 which is

19   titled parties to the agreement.  The defendant

20   understands the plea agreement binds only him and the

21   United States Attorney for the District of Kansas, and

22   that it does not bind any other federal, state, or local

23   prosecution authority.  Paragraph Number 16 is titled

24   deportation consequences.  The defendant recognizes that

25   pleading guilty may have consequences with respect to

1    his immigration status if he is not a citizen of the

2    United States.  Under federal law, a broad range of

3    crimes are removable offenses, including the offense to

4    which he is pleading guilty.  In Paragraph Number 17,

5    titled no other agreements, the defendant has had

6    sufficient time to discuss this case, the evidence and

7    this plea agreement with his counsel, and he's fully

8    satisfied with the advice and representation that has

9    been provided by Mr. Babbit.  The defendant acknowledges

10   he is entering into this plea agreement and is pleading

11   guilty because he is in fact guilty.  He further

12   acknowledges that he is entering this guilty plea

13   freely, voluntarily and knowingly.  Judge, that would be

14   a summary of the plea agreement that will be entered by

15   the parties on today's date.

16           THE COURT:  Mr. Babbit, is that your

17   understanding of the plea agreement?

18           MR. BABBIT:  It is.

19           THE COURT:  Mr. Torres-Ayala, is that your

20   understanding of the plea agreement?

21           THE INTERPRETER:  Yes.

22           THE COURT:  I'm going to ask you about one

23   of the paragraphs in your plea agreement.  It's I

24   believe on Page 9, Paragraph 12, and it's entitled

25   waiver of appeal and collateral attack.  The first

1  sentence reads, defendant knowingly and voluntarily

2  waives any right to appeal or collaterally attack any

3  matter in connection with this prosecution, his

4  conviction, or the components of the sentence to be

5  imposed herein, including the length and conditions of

6  supervised release as well as any sentence imposed upon

7  a revocation of supervised release.  Then it goes on and

8  says other things in that paragraph on Page 10.  My

9  question to you is, prior to our hearing, did you have a

10  chance to go over this paragraph with Mr. Babbit?

11              THE INTERPRETER:  Yes.

12              THE COURT:  And after having gone over it

13  with him, at this time are you requesting that the court

14  approve this paragraph as part of your plea agreement?

15              THE INTERPRETER:  Yes.

16              THE COURT:  Now, do you understand that if

17  you had wanted to, you could have had a jury trial

18  regarding Count 1?

19              THE INTERPRETER:  Yes.

20              THE COURT:  And at the end of your trial,

21  you could have appealed any mistakes or errors that had

22  taken place.  Do you understand that?

23              THE INTERPRETER:  Yes.

24              THE COURT:  Now, do you understand that if

25  the court approves this paragraph, that other than the

1  exceptions that are set out in that paragraph, you would

2  be giving up any right you may have to appeal anything

3  having to do with your case?  Do you understand that?

4              THE INTERPRETER:  Yes.

5              THE COURT:  Has anyone forced you into

6  having this paragraph in your plea agreement?

7              THE INTERPRETER:  No.

8              THE COURT:  Are you telling the court you're

9  asking this court of your own free will to approve this

10  paragraph as part of your plea agreement?

11              THE INTERPRETER:  Yes.

12              THE COURT:  In the plea agreement, the

13  government agrees to make certain recommendations to the

14  court, but I want you to understand those are merely

15  recommendations, and that the final determination on any

16  of those will be made by the court.  Do you understand

17  that?

18              THE INTERPRETER:  Yes.

19              THE COURT:  After going over these questions

20  involving your plea agreement, at this time do you still

21  want to plead guilty to Count 1?

22              THE INTERPRETER:  Yes.

23              THE COURT:  Other than the plea agreement

24  that we've just gone over here in court, has anyone made

25  any sort of promise to you in order for you to plead

1    guilty?

2                    THE INTERPRETER:  No.

3                    THE COURT:  Has anyone forced or threatened

4    you in order for you to plead guilty?

5                    THE INTERPRETER:  No.

6                    THE COURT:  Are you telling the court you're

7    entering this plea of guilty freely and voluntarily and

8    of your own free will?

9                    THE INTERPRETER:  Yes.

10                   THE COURT:  And are you telling the court

11   the reason you're entering a plea of guilty to this

12   offense is because you are in fact guilty of the offense

13   charged?

14                   THE INTERPRETER:  Yes.

15                   THE COURT:  Now, have you gone over with

16   Mr. Babbit a petition to enter a plea of guilty?

17                   THE INTERPRETER:  Yes.

18                   THE COURT:  Has he informed you of what's

19   contained in that petition?

20                   THE INTERPRETER:  Yes.

21                   THE COURT:  Has he also informed you of the

22   consequences of you signing that document?

23                   THE INTERPRETER:  Yes.

24                   THE COURT:  Now, do you have any questions

25   about any of the matters covered in that petition?

1          THE INTERPRETER:  Yes.

2          THE COURT:  Do you want to talk to your

3    attorney and let me know which questions you have?

4          (Defendant conferring with attorney off the

5          record through interpreter.)

6          THE COURT:  I saw that you talked to your

7    attorney, so I'm going to re-ask you that last question.

8          THE DEFENDANT:  Okay.

9          THE COURT:  I was referring to your plea

10   petition.  So, my question to you is, do you have any

11   questions about any of the matters covered in that

12   petition?

13         THE INTERPRETER:  No.

14         THE COURT:  And do you understand that the

15   answers you make to the questions in that petition as

16   well as the answers you've given the court today are all

17   being made under oath?

18         THE INTERPRETER:  Yes.

19         THE COURT:  Mr. Babbit, is it your statement

20   to the court that you've gone over the plea petition

21   with your client, you've informed him of the contents of

22   the petition as well as the consequences of him signing

23   the document?

24         MR. BABBIT:  It is.

25         THE COURT:  Mr. Torres-Ayala, if you've not

1    signed the petition, you may do so at this time.

2                (Defendant signing plea petition in open

3    court.)

4                MR. BABBIT:  May I approach, Your Honor?

5                THE COURT:  Yes.  Thank you.  At this time,

6    Mr. Torres-Ayala, the court's going to ask the

7    government's attorney to say out loud what the

8    government's evidence would have been if your case had

9    gone to trial.  So, I need for you to listen to what he

10   says, because when he's finished, I'm going to ask you

11   some follow-up questions.  Mr. Krug.

12               MR. KRUG:  Thank you, Judge.  Your Honor,

13   it's my understanding based on conversations with

14   counsel that the defendant will be at least stipulating

15   to the majority of the information that's contained in

16   Paragraph Number 2, the factual basis for the guilty

17   plea, and Judge, that is contained on Pages 2 through 4

18   and I believe, Judge, that stipulation would entail that

19   the government would present that evidence as it relates

20   directly to the defendant's involvement to a jury beyond

21   a reasonable doubt with respect to his involvement with

22   Count 1 of the indictment which includes methamphetamine

23   distribution over 50 grams from June 1st of 2013 and

24   continuing until roughly September 9th of 2015 here in

25   the District of Kansas and elsewhere.

1          MR. BABBIT:  Your Honor, I've reviewed the

2     entire factual statement laid out in the plea agreement

3     with my client.  Mr. Torres-Ayala advised me as part of

4     his signature on the -- the plea agreement as well as in

5     discussions that all the facts specifically attributed

6     to him are in fact true, and could be proven by the

7     government at trial beyond a reasonable doubt.  The only

8     thing that my client would note is that, as is typical

9     for a factual basis presented by the government in the

10    plea agreement, there are some context-related

11    statements in there which involve very broad statements

12    regarding the larger -- the conspiracy as a whole.

13    That's mainly contained in Paragraph 1 of the factual

14    basis set forth on Page 2.  Mr. Torres-Ayala certainly

15    was not specifically involved with all the intricacies

16    of the conspiracy.  What he specifically admits to and

17    agrees are those overt acts described really dating

18    May 3rd, 2014, and then specifically described on

19    June 16th, June 24th, July 16th, July 17th, July 18th of

20    2014.

21          THE COURT:  Is that acceptable to the

22    government?

23          MR. KRUG:  It is, Judge, and the Paragraph

24    Number 1 that Mr. Babbit had referenced entails from DEA

25    reports how the investigation started, and ultimately,

1   its end date, some of the players that were involved

2   with that which included Title III wire intercepts.  So,

3   Judge, we would agree that the overt acts committed by

4   the defendant are contained in the remaining paragraphs.

5           THE COURT:  Thank you.  Mr. Torres-Ayala, do

6   you agree with what the government says it has in the

7   way of evidence against you on this charge in Count 1?

8           THE INTERPRETER:  Yes.

9           THE COURT:  And are you admitting to the

10  court -- and I heard -- did you hear what Mr. Babbit

11  said on your behalf?

12          THE INTERPRETER:  Yes.

13          THE COURT:  And he mentioned some things in

14  this paragraph that he said you were possibly unaware

15  of, but he also informed the court that in regards to

16  the other parts of the paragraph, the factual basis for

17  the guilty plea, that you were admitting to the court

18  that you did in fact do exactly what the government says

19  that you did here in the courtroom as well on this

20  paragraph that makes you believe you're guilty of

21  Count 1.  Is that correct?

22          THE INTERPRETER:  Yes.

23          THE COURT:  And in regards to your actions

24  and your conduct as they're set out in the paragraph, as

25  well as what the government's attorney said here in the

1   courtroom, as well as your attorney, in regards to your

2   actions and conduct, did you realize that what you were

3   doing was in violation of the law?

4            THE INTERPRETER:  Yes.

5            THE COURT:  Now, have you received any

6   treatment recently for any type of mental illness?

7            THE INTERPRETER:  No.

8            THE COURT:  Have you received any treatment

9   recently for any type of addiction to narcotic drugs of

10   any kind?

11            THE INTERPRETER:  No.

12            THE COURT:  Today at this hearing, are you

13   under the influence of any drugs, alcohol, substance or

14   medication of any kind?

15            THE INTERPRETER:  No.

16            THE COURT:  Today are you mentally aware of

17   what you're doing here?

18            THE INTERPRETER:  Yes.

19            THE COURT:  And as such, are you asking this

20   court of your own free will to accept your guilty plea?

21            THE INTERPRETER:  Yes.

22            THE COURT:  Now, have you had a full

23   opportunity to speak with your attorney, Mr. Babbit,

24   regarding this charge against you?

25            THE INTERPRETER:  Yes.

1         THE COURT:  And after going over the matter
2    thoroughly with your attorney and learning the evidence
3    against you, have you decided that what you want to do
4    is enter a plea of guilty to this charge?
5         THE INTERPRETER:  Yes.
6         THE COURT:  Now, is the decision to enter
7    this plea of guilty, is that your decision or
8    Mr. Babbit's?
9         THE INTERPRETER:  Mine.
10        THE COURT:  Are you satisfied with the
11   advice and services of your attorney?
12        THE INTERPRETER:  Yes.
13        THE COURT:  Do you have any complaints about
14   the way he's represented you?
15        THE INTERPRETER:  No.
16        THE COURT:  Do you have any complaints about
17   the way the court has treated you so far?
18        THE INTERPRETER:  No.
19        THE COURT:  Mr. Babbit, as defendant's
20   attorney, do you know of any lawful reason why the plea
21   of guilty should not be accepted?
22        MR. BABBIT:  No.
23        THE COURT:  If there's nothing else, the
24   court is satisfied and finds that defendant knowingly,
25   understandingly and voluntarily waives his

1  Constitutional rights, that he's entering his plea of
2  guilty freely and voluntarily, that he understands the
3  nature of the charge, his rights in regards to the
4  charge, and also the consequences of his plea.  The
5  court further finds that there is a factual basis for
6  his plea of guilty to the crime charged, that he was
7  mentally responsible at the time of the commission of
8  the offense, and that he's mentally competent at this
9  time to enter his plea of guilty.  Therefore,
10 defendant's plea of guilty to Count 1 is accepted, and
11 he is found guilty of the offense charged.  As I
12 mentioned before, Mr. Torres-Ayala, prior to you being
13 sentenced, a presentence investigation report needs to
14 be completed.  Someone from the probation office will
15 set up a meeting with you.  If you want, you can have
16 Mr. Babbit present.  Mr. Babbit will tell you that
17 anything you say during that meeting could have an
18 impact on your sentence.  Once the report is completed,
19 you'll be notified.  You'll have a chance to review the
20 report.  If there's anything in there that you want to
21 challenge and/or object to, you can do so.  For counsel,
22 once the report is available and all objections and
23 responses to objections have been filed or the time
24 period in which to do so has expired, counsel shall
25 contact the court to set the case for sentencing.

1   Anything else from the government?

2              MR. KRUG:  No, Your Honor.  Thank you.

3              THE COURT:  From defendant?

4              MR. BABBIT:  No, Your Honor.

5              THE COURT:  If there's nothing else, this

6   hearing's adjourned.  Thank you.

7              MR. BABBIT:  Thank you.

8              (Whereupon, court recessed proceedings.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                     C E R T I F I C A T E

4

5

6      I, Nancy Moroney Wiss, a Certified Shorthand Reporter

7   and the regularly appointed, qualified and acting

8   official reporter of the United States District Court

9   for the District of Kansas, do hereby certify that as

10  such official reporter, I was present at and reported in

11  machine shorthand the above and foregoing proceedings.

12     I further certify that the foregoing transcript,

13  consisting of 34 typewritten pages, is a full, true, and

14  correct reproduction of my shorthand notes as reflected

15  by this transcript.

16     SIGNED July 30, 2019.

17

18                    S/_____

19                    Nancy Moroney Wiss, CSR, CM, FCRR

20

21

22

23

24

25