1

2                    UNITED STATES DISTRICT COURT
                       DISTRICT OF KANSAS
3
     UNITED STATES OF AMERICA,        Docket No. 16-20008-CM
4
        Plaintiff,                    Kansas City, Kansas
5                                     Date: 8/29/17
         v.
6
     JOSE TORRES-AYALA,
7
        Defendant.
8    ...................

9                          TRANSCRIPT OF
                         SENTENCING HEARING
10          BEFORE THE HONORABLE CARLOS MURGUIA,
                  UNITED STATES DISTRICT JUDGE.
11
     APPEARANCES:
12
     For the Plaintiff:    Trent Krug
13                         Asst US Attorney
                           360 US Courthouse
14                         500 State Avenue
                           Kansas City, KS  66101
15
     For the Defendant:    Kevin Babbit
16                         Fagan Emert & Davis, LLC
                           730 New Hampshire
17                         Suite 210
                           Lawrence, KS  66044
18
     Court Reporter:       Nancy Moroney Wiss, CSR, RMR, FCRR
19                         Official Court Reporter
                           558 US Courthouse
20                         500 State Avenue
                           Kansas City, KS  66101
21
     Proceedings recorded by machine shorthand, transcript
22   produced by computer-aided transcription.

23

24

25


                    NANCY MORONEY WISS, CSR, RMR, FCRR

1          THE COURT:  Let the record show we're here

2    regarding Case Number 16-20008-05.  It's a case entitled

3    United States of America versus Jose Torres-Ayala.  The

4    parties please enter their appearance.

5          MR. KRUG:  May it please the court, the

6    United States appears by Trent Krug.

7          MR. BABBIT:  May it please the court,

8    Mr. Jose Torres-Ayala appears in person, through counsel

9    Kevin Babbit.

10          THE COURT:  Mr. Babbit, if you and Mr.

11    Torres-Ayala would please approach the podium.  As

12    you're doing so, I note for the record there is an

13    interpreter present.  The court is going to swear in the

14    interpreter at this time.  If she'll please stand and

15    raise her right hand.

16          (Interpreter sworn.)

17          THE INTERPRETER:  I do.

18          THE COURT:  Thank you.  Please have a seat.

19    Mr. Torres-Ayala, we're here for your sentencing

20    hearing.  Since you may be asked to answer some

21    questions, I am going to swear you in to tell the truth.

22    If you'll please raise your right hand.

23          (Defendant sworn through interpreter.)

24          THE INTERPRETER:  Yes.

25          THE COURT:  Thank you.  You can put your

1    hand down.  Mr. Torres-Ayala, if you recall, back on
2    April 18th of this year, you appeared with your
3    attorney, and at that time, you pled guilty to Count 1
4    which is a charge of conspiracy to distribute and
5    possession with intent to distribute more than 50 grams
6    of methamphetamine, and that's in violation of the law.
7    It's a Class A felony.  And your plea was offered
8    pursuant to a written plea agreement under Rule 11 C 1
9    C.  After your plea hearing, the court requested a
10   presentence investigation report be completed.  I would
11   let you know that I have received the report, I have
12   reviewed it, and the court is ready to proceed with your
13   sentencing.  In regards to the presentence investigation
14   report, has the government had an opportunity to review
15   the report?
16              MR. KRUG:  Yes, Your Honor.
17              THE COURT:  And after review, are there any
18   challenges and/or objections to the report by the
19   government?
20              MR. KRUG:  No, Judge.
21              THE COURT:  Is the government moving for the
22   additional one level adjustment for acceptance of
23   responsibility?
24              MR. KRUG:  Yes, sir.
25              THE COURT:  So granted.  Thank you.  Mr.

1   Babbit, in regards to the presentence investigation

2   report, have you had an opportunity to review the report

3   with your client?

4           MR. BABBIT:  Yes.

5           THE COURT:  And during your review, did you

6   inform him of the contents of the report?

7           MR. BABBIT:  Yes.

8           THE COURT:  Did you also inform him of the

9   possible sentencing outcomes or sentencing consequences

10  that could take place based on the information in the

11  report?

12          MR. BABBIT:  Yes.

13          THE COURT:  Mr. Torres-Ayala, I asked your

14  attorney some questions regarding the presentence

15  investigation report.  I asked him whether or not he had

16  reviewed it with you, and he said he had.  Is that

17  correct?

18          THE INTERPRETER:  Yes.

19          THE COURT:  I also asked him whether or not

20  he had informed you of the contents of the report, and

21  again, he mentioned he had done that as well.  Is that

22  correct?

23          THE INTERPRETER:  Yes.

24          THE COURT:  I also asked him whether or not

25  he had informed you of the possible sentencing outcomes

1  or sentencing consequences that could take place based

2  on the information in the report, and he indicated again

3  that he had gone over that with you also.  Is that

4  correct?

5            THE INTERPRETER:  Yes.

6            THE COURT:  I note for the record that there

7  were no filed challenges or objections to the report by

8  defendant.  Are there any being made at this time on his

9  behalf?

10           MR. BABBIT:  No, Your Honor.

11           THE COURT:  At this time the court makes the

12  following findings.  Court is first going to find that

13  the presentence investigation report should be sealed,

14  should be made part of the record, be made available for

15  purposes of appeal if any in the future.  Also the court

16  would find that under the sentencing guidelines, the

17  total offense level would be a total offense level of

18  31, and with a criminal history category of one, that

19  under the guidelines, the imprisonment range would be

20  108 to 135 months.  Any objection to those findings at

21  this time by the government?

22           MR. KRUG:  No, Your Honor.

23           THE COURT:  By defendant?

24           MR. BABBIT:  No, Your Honor.

25           THE COURT:  At this time the court is ready

1   to announce its proposed findings of fact and tentative

2   sentence.  Prior to doing so, court will note the

3   following.  In regards to this conviction, the court

4   would note that the minimum term of imprisonment is ten

5   years, maximum term is life.  However, defendant appears

6   to meet the criteria set forth in 18 USC Section 3553 F

7   1 through 5.  Therefore, the court shall impose a

8   sentence in accordance with the applicable guidelines

9   without regard to any statutory minimum sentence.  I

10  mentioned that also with the understanding of the 11 C 1

11  C plea agreement as well.  In regards to the proposed

12  findings of fact and tentative sentence, at this time,

13  Mr. Babbit, are there any statements or arguments you

14  care to make in regards to the sentence?

15          MR. BABBIT:  Umm, no; well, with one

16  exception.  Court may recall at our last hearing, this

17  matter was continued to allow the government and the

18  defense to reach an agreement that actually was

19  different than that that had been originally contained

20  in the parties' plea agreement related to the forfeiture

21  of assets and the money judgment related to that

22  forfeiture.  Originally, Your Honor, in Paragraph 9 of

23  our plea agreement, there was a general statement that

24  an amount related to the proceeds from the entire

25  conspiracy would be attributed to Mr. Torres-Ayala as

1    part of a money judgment, which would result in

2    basically a $4 million judgment against my client as

3    part of the admitted or at least agreed sentence today

4    by both the government and the defense.  However, given

5    some recent Tenth Circuit and United States Supreme

6    Court decisions, the parties have reached an agreement

7    related to that single paragraph which will lay out the

8    parties' understanding, that Mr. Torres-Ayala will agree

9    to a forfeiture judgment against him in the amount of

10   $43,084.80.  I do have with me a written forfeiture

11   agreement that's been signed by the government, myself,

12   and my client, and I'm happy now to present that to the

13   court for its review.  For the record, Your Honor, umm,

14   the agreement obviously is to the significant benefit of

15   my client.  I've reviewed the contents of that agreement

16   with my client, and my client wishes for this court to

17   formally adopt that as an agreement of the parties, and

18   impose a money judgment as part of its sentence

19   consistent with that agreement.

20             THE COURT:  Mr. Torres-Ayala, is there

21   anything that you want to say on your behalf, or is

22   there any evidence that you want to offer in mitigation,

23   which means in lessening of your sentence?

24             THE INTERPRETER:  No.

25             THE COURT:  Any comments or arguments from

1    the government?

2            MR. KRUG:  No, unless the court has

3    particular questions, Judge, we have no further

4    statements.

5            THE COURT:  All right.  If you'll just give

6    me one moment.

7            (Court conferring with probation officer off

8    the record.)

9            THE COURT:  Court is ready to announce its

10   proposed findings of fact and tentative sentence.  The

11   court is required pursuant to 18 USC Section 3553 A to

12   impose a sentence that is sufficient but not greater

13   than necessary to comply with the purposes of sentencing

14   identified in 18 USC Section 3553 A 2.  In determining

15   the particular sentence to be imposed, the court has

16   considered the United States Sentencing Guidelines,

17   which promote uniformity in sentencing and assist the

18   court in determining an appropriate sentence by weighing

19   the basic nature of the offense as well as aggravating

20   and mitigating factors.  The court notes the parties

21   have entered into a plea agreement pursuant to Rule 11 C

22   1 C of the Federal Rules of Criminal Procedure.  The

23   court has considered the plea agreement, statements of

24   the parties, and the presentence investigation report.

25   After reviewing the presentence report, the court finds

1    that the sentencing guidelines range of 108 to

2    135 months is correctly calculated based on a total

3    offense level of 31 and criminal history category of 1.

4    The court notes that the parties' recommended sentence

5    is within this advisory guideline range.  The court has

6    also considered the nature and circumstances of the

7    offense and defendant's history and characteristics.  In

8    this case, defendant was involved in a conspiracy to

9    distribute methamphetamine with defendant being

10   accountable for approximately six pounds of this drug.

11   Testing of drugs seized during the course of the

12   conspiracy reflect that the methamphetamine was highly

13   pure.  Mr. Torres-Ayala has no serious prior

14   convictions.  He has a history of substance abuse and

15   has expressed a desire to participate in treatment

16   services.  Mr. Torres-Ayala appears to have close family

17   ties and support.  After considering the above factors

18   and the advisory sentencing guidelines, court has

19   decided to follow the recommendations of the 11 C 1 C

20   plea agreement, and to sentence the defendant to a term

21   of 108 months imprisonment to be followed by a five-year

22   term of supervised release.  The court believes that

23   such a sentence is sufficient but not greater than

24   necessary to reflect the seriousness of the offense, to

25   promote respect for the law, and to provide just

1  punishment for the offense.  Further, the sentence

2  should afford adequate deterrence to criminal conduct

3  and protect the public from further crimes of the

4  defendant.  The supervised release term will serve as an

5  additional deterrent to illegal reentry should the

6  defendant be deported following service of his sentence.

7  The court does not intend to impose denial of federal

8  benefits as it's not a necessary punitive sanction in

9  light of the imprisonment sentence the court intends to

10  impose.  Defendant is ordered to pay a special

11  assessment of $100 to the crime victim's fund.  No fine

12  is imposed due to the defendant's inability to pay.  The

13  court intends to impose, as agreed to by the defendant

14  per the forfeiture agreement order, a forfeiture money

15  judgment in the amount of $43,084.80 against defendant.

16  The court intends to impose mandatory and special

17  conditions of supervision as set forth in Part D of the

18  presentence report.  The nature of the offense and

19  history outlined in the presentence report warrant the

20  conditions for substance abuse treatment and search of

21  his person and property.  Further, due to his

22  immigration status, the condition for cooperating with

23  immigration officials is warranted.  Any objection to

24  the court's proposed findings of fact and tentative

25  sentence from the government?

1          MR. KRUG:  No, Your Honor.

2          THE COURT:  From defendant?

3          MR. BABBIT:  No, Your Honor.

4          THE COURT:  Mr. Torres-Ayala, the court has

5     announced proposed findings of fact and tentative

6     sentence.  Before the court imposes the final sentence,

7     again, is there anything that you want to say on your

8     behalf, or is there any evidence that you want to offer

9     in mitigation or lessening of your sentence?

10          THE INTERPRETER:  No.

11          THE COURT:  Mr. Babbit, do you know of any

12    lawful reason why the court should not announce or

13    impose its sentence at this time?

14          MR. BABBIT:  I do not.

15          THE COURT:  The court determines that the

16    presentence investigation report and the previously

17    stated findings are accurate, and orders those findings

18    to be incorporated in the following sentence:  Pursuant

19    to the Sentencing Reform Act of 1984, it is the judgment

20    of the court the defendant, Jose Torres-Ayala, is hereby

21    sentenced to the custody of bureau of prisons for a term

22    of 108 months.  This term of imprisonment shall be

23    followed by a five year term of supervised release.

24    Within 72 hours of release from the custody of the

25    bureau of prisons, defendant shall report to the US

1    Probation Office in the district in which he is
2    released.  While on supervised release, defendant shall
3    comply with the mandatory and standard conditions
4    adopted by this court and the special conditions of
5    supervision as set forth in Part D of the presentence
6    report.  It is ordered defendant shall pay United States
7    a special assessment of $100 to the crime victim's fund
8    pursuant to 18 USC Section 3013.  Payment of the
9    assessment is due immediately and may be satisfied while
10   in the bureau of prisons' custody.  No fine is imposed.
11   The court also orders a money judgment in the amount of
12   $43,084.80 against defendant per the forfeiture
13   agreement order.  Both the government and defendant are
14   advised as to their respective rights to appeal this
15   sentence and conviction.  An appeal taken from this
16   sentence is subject to 18 USC Section 3742, and subject
17   to any waiver in the plea agreement in this case.
18   Defendant is advised of your right to appeal the
19   conviction and sentence, but only to the extent you've
20   not waived that right in the plea agreement.  You also
21   can lose your right to appeal if you do not timely file
22   a notice of appeal in the district court.  Rule 4 B of
23   the Federal Rules of Appellate Procedure gives you
24   14 days after the entry of judgment to file a notice of
25   appeal.  If you so request, the clerk of the court shall

1    immediately prepare and file a notice of appeal on your

2    behalf.  If you're unable to pay the costs of an appeal,

3    you have the right to apply for leave to appeal in forma

4    pauperis, excuse me, which means without having to pay a

5    filing fee.  At this time, you are remanded to the

6    custody of the US Marshal Service pending designation by

7    the bureau of prisons.  Anything else from the

8    government?

9              MR. KRUG:  No, Judge.

10             THE COURT:  Anything else from defendant?

11             MR. BABBIT:  One small matter.  We would ask

12   the court to consider adding to the journal entry a

13   recommendation that he -- Mr. Torres-Ayala be allowed to

14   serve his sentence in as close a proximity as possible

15   to North Carolina, which is where his sister resides.

16             THE COURT:  Mr. Torres-Ayala, your

17   attorney's asked that I make a recommendation to the

18   bureau of prisons as to where you'll be placed to serve

19   your term of imprisonment.  I will recommend what he

20   asked for on your behalf, which is that you be placed as

21   close to North Carolina in regards to your imprisonment.

22   I need to let you know I can't guarantee that 'cause

23   that is up to the bureau of prisons, but I will

24   recommend it on your behalf.

25             THE DEFENDANT:  Thank you.

1            THE COURT:  Anything else?

2            MR. BABBIT:  No, Your Honor.

3            THE COURT:  If there's nothing else, this

4   hearing's adjourned.  Thank you.

5            MR. BABBIT:  Thank you.

6            (Whereupon court recessed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                     C E R T I F I C A T E

4

5

6       I, Nancy Moroney Wiss, a Certified Shorthand Reporter

7    and the regularly appointed, qualified and acting

8    official reporter of the United States District Court

9    for the District of Kansas, do hereby certify that as

10   such official reporter, I was present at and reported in

11   machine shorthand the above and foregoing proceedings.

12      I further certify that the foregoing transcript,

13   consisting of 15 typewritten pages, is a full, true, and

14   correct reproduction of my shorthand notes as reflected

15   by this transcript.

16      SIGNED July 30 2019.

17

18                     S/_____

19                     Nancy Moroney Wiss, CSR, CM, FCRR

20

21

22

23

24

25